## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAFFER K. QAMAR,
               Appellant,

       v.

DEPARTMENT OF HOMELAND
    SECURITY,
               Agency.

DOCKET NUMBER
DC-1221-21-0476-W-1

DATE:  April 19, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jaffer K. Qamar</u>, Greenbelt, Maryland, pro se.

<u>Michael N. Spargo</u>, Esquire, South Burlington, Vermont, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant is a GS-14 Economist with the agency's Immigrant Investor Program Office (IPO). Initial Appeal File (IAF), Tab 1 at 1. His job duties include running security checks on individuals and business entities that seek immigration benefits to ensure national security and public safety. IAF, Tab 10 at 8. On June 22, 2020, the agency proposed the appellant's removal based on charges of failure to follow policy, procedure, or instruction, and lack of candor. IAF, Tab 1 at 7-11. The deciding official sustained one of the charges and mitigated the removal to a 14-day suspension. *Id*. The appellant filed a whistleblower retaliation complaint with the Office of Special Counsel (OSC) and subsequently filed this IRA appeal with the Board challenging his suspension and other personnel actions taken by the agency. IAF, Tab 1 at 27, Tab 14 at 4-18. The administrative judge issued a jurisdictional order instructing the appellant how to establish jurisdiction over his IRA appeal. IAF, Tab 5. The appellant submitted several narrative responses totaling over 100 pages. IAF, Tabs 6-7, 12, 14-15, 17, 22-23, 26-28, 32, 36. In an initial decision based on the written record, the administrative judge found that the appellant did not make a nonfrivolous allegation that he made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) and that he failed to nonfrivolously allege that his protected activity was a contributing factor in the personnel actions at issue. IAF, Tab 37, Initial Decision (ID) at 4-8. Accordingly, she dismissed the appeal for lack of jurisdiction. ID at 9. The appellant has filed a petition for review, the agency filed a response, and the appellant submitted a reply. Petition for Review (PFR) File, Tabs 4, 6-7.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfriovlous allegations that (1) he engaged in whistleblowing activity by making a disclosure

protected under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The question of whether the appellant has made a nonfrivolous allegation at the jurisdictional stage is based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020).

In the initial decision, the administrative judge found that the appellant exhausted one protected disclosure and the following personnel actions: a 2018 letter of reprimand, a 2020 performance rating, a proposed removal, and a 14-day suspension. ID at 4. The administrative judge found that the appellant failed to nonfrivolously allege that his alleged disclosure was covered by 5 U.S.C. § 2302(b)(8) and that he failed to nonfrivolously allege that his protected disclosure was a contributing factor to the personnel actions at issue. ID at 4-8. For the reasons set forth herein, we vacate the dismissal for lack of jurisdiction, and we remand this appeal to the regional office for adjudication on the merits.

The appellant exhausted his administrative remedies with OSC.

An appellant in an IRA appeal must exhaust his administrative remedies by seeking corrective action from OSC before seeking corrective action from the Board. 5 U.S.C. § 1214(a)(3). The exhaustion requirement is met when an appellant provided OSC with a sufficient basis to pursue an investigation; however, an appellant may give a more detailed account of his whistleblowing activity before the Board than he did to OSC. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through his initial OSC complaint or correspondence with OSC. *Id.*, ¶ 11. Exhaustion must be proved by preponderant evidence. *Id.*

On review, the appellant has not challenged the administrative judge's finding with respect to the exhausted personnel actions, and we find no reason to disturb it, with the exception of clarifying that the 2020 performance rating at issue is a midyear rating. IAF, Tab 1 at 14; ID at 4. Regarding the appellant's protected disclosures, the administrative judge accepted OSC's summarization in its close-out letter—intermittent complaints about the agency's policies concerning TECS,[2] the system used to conduct immigration screening and to render determinations—and found that any additional disclosures that the appellant raised in his pleadings were not exhausted with OSC. ID at 4-7. We find that the characterization of the appellant's protected disclosures by OSC, and in the initial decision, is too broad and that a fair reading of the appellant's correspondence with OSC reveals the following disclosures: (1) on unspecified dates between 2015 and 2017, and again in August 2017, the appellant notified the IPO Chief that the agency was conducting extensive TECS checks, which he believed to be outside the scope of his duties and against agency policy and guidelines, IAF, Tab 1 at 15-16; (2) in December 2017, the appellant informed the Director of the Office of Security and Integrity about "holes, problems, inconsistencies, and vulnerabilities" in the agency's TECS procedures, *id.* at 17; and (3) in July 2019, the appellant complained to the IPO Chief that the Division Chief instructed the appellant to reverse proposed decisions on eligibility and to use a higher evidentiary standard to deny cases, resulting in a lower bar for approval and a higher approval rate, *id.* at 19-22. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011) (stating that an appellant may

---

[2] According to publicly available information published by the agency, "TECS is an automated enforcement and inspection lookout system that combines information from multiple agencies, databases, and system interfaces to compile data relating to national security risks, public safety issues, current or past targets of investigations, and other law enforcement concerns." Department of Homeland Security, USCIS Electronic Immigration System (Dec. 3, 2018), https://www.dhs.gov/sites/default/files/publications/pia-uscis-elis056a-december2018.pdf at 7 (last visited Apr. 17, 2024).

demonstrate exhaustion through his initial OSC complaint or correspondence with OSC).

The appellant nonfrivolously alleged that he made protected disclosures pursuant to 5 U.S.C. § 2302(b)(8).

Next, we consider whether the appellant nonfrivolously alleged that he made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8). A protected disclosure is a disclosure of information that the appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Salerno*, 123 M.S.P.R. 230, ¶ 6.

We consider each of the three disclosures in turn. First, the appellant alleged that he complained to the IPO Chief that the agency was conducting extensive TECS checks on individuals without justification and without the proper authority. IAF, Tab 1 at 15-16, Tab 3 at 12-13. In support of his assertion, he cites to the manual that prescribes guidelines and policies for adjudication,[3] IAF, Tab 10 at 163-66, and states that the manual and his certification courses instructed him not to do TECS checks on individuals who are not beneficiaries. IAF, Tab 3 at 24. The appellant's pleadings do not identify which law, rule, or regulation he believes the agency violated by number or title; however, that is not required, particularly at the jurisdictional stage. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 19 (2013) (stating that an employee need not identify a statutory or regulatory provision by title or number when the employee's statements and the circumstances surrounding the making of those statements clearly implicate an identifiable violation of law, rule, or regulation). We further note that, on review, the appellant has alleged that the

---

[3] The appellant did not submit the manual with any of his jurisdictional submissions, but the agency submitted excerpts of the manual as part of its file, and it appears that the manual was provided to the appellant as an exhibit to the notice of proposed removal. Neither party disputes the authenticity or accuracy of the excerpted portion of the manual submitted by the agency.

agency violated individuals' privacy rights pursuant to several laws, including the Immigration and Nationalization Act. PFR File, Tab 4 at 5. We therefore find that the appellant's disclosure meets the nonfrivolous allegation standard.

Concerning the second disclosure, the appellant has not identified which "holes, problems, inconsistencies, and vulnerabilities" in the agency's TECS procedures he allegedly reported. Moreover, it appears that TECS combines information from multiple agencies and the appellant has not clearly alleged that the agency's acts or omissions caused the alleged issues concerning TECS. The appellant's general statement about "holes, problems, inconsistencies, and vulnerabilities" without any explanation as to how he reasonably believed that these issues evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety is insufficient to constitute a nonfrivolous allegation that his disclosure was protected. We therefore find that this allegation is too vague to support a finding that the appellant's disclosure falls under 5 U.S.C. § 2302(b)(8). *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006) (stating that a protected disclosure must be specific and detailed, not a vague allegation of wrongdoing regarding broad or imprecise matters).

As to the third disclosure, we find that the appellant adequately explained, in his letter to OSC and in his subsequent pleadings to the administrative judge, why he believed that the Division Chief was acting improperly by using a higher evidentiary standard to deny cases, and on review, the appellant identifies various laws, rules, or regulations that he believes the agency violated. IAF, Tab 1 at 19-22; PFR File, Tab 4 at 5-6. The record also supports a finding that the appellant's disclosure may have implicated a matter of public safety. The decision letter imposing the 14-day suspension states the following:

> The work that the IPO office performs is important, and often the subject of Congressional interest. In your position, you are responsible for running appropriate security checks for individuals and corporate entities that seek immigration benefits. It is extremely important that you perform these very necessary and important security checks, and all of your duties, in a thorough manner in order to help ensure national security and public safety.

IAF, Tab 1 at 8. Thus, by the agency's own characterization, failure to conduct security checks in the manner prescribed by the relevant laws, policies, and procedures could result in damage to national security and public safety. We therefore find that the appellant has met the nonfrivolous allegation standard as to this disclosure.

<u>The appellant nonfrivolously alleged that his protected disclosure was a contributing factor in the personnel actions at issue.</u>

As set forth above, the administrative judge identified the following personnel actions: a 2018 letter of reprimand, a 2020 midyear performance rating, a proposed removal, and a 14-day suspension. ID at 4. The appellant may demonstrate that a protected disclosure was a contributing factor in a personnel action through circumstantial evidence, including, but not limited to, evidence that the official taking the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected disclosure was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *see Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 7 (2000).

The appellant has alleged that he disclosed wrongdoing to, and about, numerous agency officials, including the Division Chief and the IPO Chief. He has also alleged that the IPO Chief informed the Division Chief, who was the subject of the July 2019 complaint, about the disclosure. IAF, Tab 1 at 20. Thus, we assume for jurisdictional purposes that the individuals who took the personnel actions were aware of the appellant's complaints. We also find that the personnel actions occurred within a period of time such that a reasonable person could

conclude that the protected disclosures were a contributing factor. The appellant asserted that after his August 2017 email to the Acting Chief regarding extensive TECS checks, he was summoned to a meeting by several management officials, including the Division Chief, where he was cautioned that his email to the Acting Chief was "disrespectful" and that he should submit his concerns only to his direct supervisor. IAF, Tab 1 at 16. At the meeting, he was notified that his supervisor was initiating a review of all the cases that the appellant had adjudicated. *Id.* He alleged that he was issued a letter of reprimand in May 2018 as a result of the heightened scrutiny. IAF, Tab 3 at 7. Approximately 5 months after his July 2019 disclosure that the Division Chief was instructing him to lower the evidentiary standard for denying cases, the Division Chief reported a mistake in one of the appellant's cases to the Chief, which resulted in the negative midyear evaluation, the notice of proposed removal, and the 14-day suspension. *Id.* at 14-15. We therefore find that the appellant has nonfrivolously alleged that his protected disclosures were a contributing factor to the personnel actions taken by the agency. *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 87 (2001) (finding the appellant proved contributing factor when the agency proposed her suspension 18 months after her protected disclosure and removed her 3 1/2 months thereafter).[4]

For these reasons, we find that the appellant has established jurisdiction over his IRA appeal, and we remand this case to the regional office for a hearing on the merits. Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to

---

[4] On remand, the parties and the administrative judge should address whether the midyear evaluation in this case constitutes a personnel action. *Compare King v. Department of Health and Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998) (finding that a midyear Progress Review did not constitute a personnel action and that "progress reports in general are not 'performance evaluations' for purposes of the [Whistleblower Protection Act]"), *with Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 23-25 (2015) (finding that the appellant made a nonfrivolous allegation that comments to him during a midterm progress review constituted a threatened personnel action).

submit any other evidence that the administrative judge deems necessary to adjudicate the merits of the appeal. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[5]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[5] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.